PONDER, Judge.
Defendants appealed from a judgment for damages arising from a collision between a tractor trailer and a horse. The issues are the negligence of the owner of the animal and the contributory negligence of the driver of the tractor trailer.
We affirm.
The applicable law is found in LSA-R.S. 3:2803 which prohibits the owner from knowingly, willingly, or negligently permitting livestock to roam at large on certain highways. The scene of the accident was on such a highway.
The burden is on the owner of the animals to prove he did not knowingly, willingly or negligently allow his livestock to roam on the highway. Young v. Sentry Ins. Co., 315 So.2d 93 (3rd Cir. 1975), Cornish v. Ford, Bacon & Davis Const. Corp., 304 So.2d 361 (1st Cir. 1974).
The owner of the horse and his son testified as to the measures taken to keep the horses properly fenced and as to the adequacy of the latches they used. However, the son admitted that the horses had escaped the previous day and he had replaced the latch. We do not believe defendants have borne this burden.
The defendants also have the burden of proving the contributory negligence of the driver of the tractor trailer. Pointing to some discrepancies in testimony and to some skid marks in a photograph purportedly of the scene, defendants assert that they have borne this burden. We agree with the trial court’s conclusion that they have not. The discrepancies do not convict the driver of negligence. The skid marks in the photograph, even if the latter be admissible, were not proved to have been left by the tractor trailer involved in the collision.
For these reasons we affirm the judgment at appellant’s costs.
AFFIRMED.